**PLAYBOY ENTERPRISES, INC., Plaintiff,**

v.

**CALVIN DESIGNER LABEL, Calvin Fuller, and Calvin Merit, Defendants.**

No. C 97-3204.

United States District Court, N.D. California, San Francisco Division.

Aug. 29, 1997.

Neil A. Smith, Limbach & Limbach L.L.P., San Francisco, CA (David R. Francescani, Maryann Hayes, Darby & Darby P.C., of counsel), New York City, for Plaintiff Playboy Enterprises, Inc.

## TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION

LEGGE, District Judge.

This cause has been presented to the Court, upon the motion of Plaintiff Playboy Enterprises, Inc. ("PEI"), seeking a Temporary Restraining Order, and an Order To Show Cause why this Court should not preliminarily enjoin Defendants during the pendency of this action from infringing PEI's trademarks on Defendants' Internet World Wide Web site.

PEI's motion is supported by a Complaint; a Memorandum of Points and Authorities; the Declaration of Michelle A. Kaiser, Staff Attorney of PEI; and the Declaration of Maryann Hayes, outside intellectual property counsel to PEI.

This Court having given full consideration to all of PEI's papers and the relevant authorities, and in accordance with Federal Rule of Civil Procedure 65(b),

IT IS HEREBY ORDERED AND ADJUDGED as follows:

1. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1332.

2. This Court has personal jurisdiction over Defendants by virtue of their California citizenship and tortious acts within this Judicial District.

3. PEI owns Federal Trademark Reg. No. 721,987 for the mark PLAYMATE, several Federal Trademark Reg. Nos. _____ for the mark PLAYBOY, and other registrations for the marks PLAYMATE and PLAYBOY.

4. Defendants have used the mark PLAYMATE as part of their domain name on the Internet and used the marks PLAYMATE and PLAYBOY within the Internet Web pages offered at the site www.playmatelive.com, all without PEI's authority.

5. Plaintiff PEI has demonstrated a sufficient (i) likelihood of success on the merits of its trademark infringement, unfair competition and dilution claims, (ii) irreparable harm if it is not granted a temporary restraining order pending hearing on its motion for a preliminary injunction (iii) the balance of hardships tipping in its favor, (iv) and the absence of any public interest factors militating against the interim relief sought in its application, to merit and constitute good cause for the issuance of a Temporary Restraining Order as more particularly described herein.

6. The Court finds that Plaintiff PEI is likely to succeed on the merits in proving *inter alia* trademark infringement, unfair competition, including a false designation of origin and false representation, in defendants' use of the domain name "playmatelive.com", the use of the name Playmate Live Magazine which include plaintiff's PLAYMATE registered trademark, and the use of the PLAYBOY trademark in machine readable code in defendants' Internet Web page, so that the PLAYBOY trademark is accessible to individuals or Internet search engines which, attempt to access plaintiff under plaintiff's PLAYBOY registered trademark.

IT IS THEREFORE FURTHER ORDERED that:

1. Defendants, their officers, agents, servants, employees, attorneys, parents, subsidiaries and related companies having notice of this Order by personal service, electronic mail, or otherwise, and all persons acting for, with, by, through or under them, and each of them, shall be immediately temporarily enjoined and restrained from:

a. using in any manner the PLAYMATE or PLAYBOY trademarks and any other term or terms likely to cause confusion therewith, including PLAYMATELIVE or "playmatelive.com", as Defendants' domain name, directory name, or other such computer address, as the name of Defendants' Web site service, in buried code or metatags on their home page or Web pages, or in connection with the advertising or promotion of their goods, services or web sites;

b. using in any manner the PLAYMATE or PLAYBOY trademarks in connection with the Defendants' goods or services in such a manner that is likely to create the erroneous belief that said goods or services are authorized by, sponsored by, licensed by or are in some way associated with PEI;

c. disseminating, using or distributing any Web site pages, advertising or Internet code words or titles, or any other promotional materials whose appearance so resembles the Web site pages or trademarks used by PEI, so as to create a likelihood of confusion, mistake or deception;

d. otherwise engaging in any other acts or conduct which would cause consumers to erroneously believe that Defendants' goods or services are somehow sponsored by, authorized by, licensed by, or in any other way associated with PEI; and

2. Defendants shall preserve and retain in hard copies or digital copies, all evidence and documentation relating in any way to their use of the domain name "playmatelive.com" and the trademarks PLAYMATE and PLAYBOY in any form, including all records relating to such Web site or any other Web sites or subscription magazines or services where such names or marks have been used, all records relating to the names, addresses (e-mail or otherwise) of any parties with whom Defendants have communicated, and all financial records relating to such Web sites, services, magazines, or any products or services, advertising, on or offered on or through such Internet Web sites.

3. Defendants shall immediately cease using and claiming ownership of the marks "playmate" or "playmatelive" on the Internet.

4. Personal service of a copy of the Summons and Complaint in this action, together with a copy of this Order and the paper upon which it is based, shall be effected by personal delivery upon Defendants or service at their homes or business address at 345 California Drive # 38, Burlingame, California 94010, by 5:00 p.m. on 8/29, 1997, or such other date as may be

extended by the Court; and such service shall constitute good and sufficient service hereof.

5. Answering papers, if any, shall be filed and personally served upon plaintiff's counsel, Neil A. Smith, Limbach & Limbach L.L.P., 2001 Ferry Building, San Francisco, California 94111, Telephone: (415) 433–4150, on or before 5:00 p.m. on September 5, 1997, and such service shall constitute good and sufficient service hereof. Any reply by plaintiff shall be filed and personally served upon Defendants or their counsel on or before 12:00 Noon on September 8, 1997.

6. This Court shall conduct and Defendants shall appear at a hearing on PEI's motion for a preliminary injunction at 2:00 p.m. on September 8, 1997, at the United States Courthouse for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California, in the courtroom of The Honorable Charles A. Legge at which hearing Defendants shall show cause why a Preliminary Injunction should not be entered by this Court in the form and nature of the above Order.

7. It is further ordered that plaintiff shall post a bond in the amount of $1000.00 within two (2) business days from the date of this Order in cash or surety for this Temporary Restraining Order.